JESSE McLAIN, Appellant, *v.* GEORGE LOHR *et al.,* Appellees.

APPEAL FROM STEPHENSON.

A person who purchases a note which is over-due, takes it subject to defense of payment by the maker.

JESSE McLAIN filed his bill in chancery in the Stephenson Circuit Court, January 18, 1859, against George Lohr, John C. Kean, T. M. Kean, and John A. Clark.

The bill states, that on or about June 17th, 1857, complainant made his promissory note for $300, payable to George Lohr three months after date, with interest at ten per cent. per annum; and to secure the payment thereof, complainant made and executed to John A. Clark, as trustee, a deed of trust of certain premises in Stephenson county, conveying said premises to said Clark

in trust, and authorizing him to sell the same, in case of default in the payment of the note, on giving fifteen days' notice by publication ; the conveyance being in the ordinary form of deeds of trust.

That on or about June 17th, 1857, complainant paid said Lohr on said note the sum of fifty dollars, which he believes is indorsed on the note; also, same date, complainant paid the further sum of ninety-one dollars, which he believes is also indorsed thereon. And on or about September 18, 1857, complainant paid the further sum of four dollars, which he believes is indorsed thereon.

Complainant further states, that at the time when he executed and delivered the note, said Lohr had a large amount of wood lying on the land aforesaid, and on land adjoining, and it was expressly agreed between complainant and Lohr, that complainant should haul all of the wood that he should be able to haul from the said lands into the city of Freeport, for Lohr, and that complainant should be credited for hauling the same at the rate of two dollars per cord, and that the credits to which he should be entitled should be from time to time indorsed on the note, and applied in payment of it, until it should be fully paid and satisfied ; and that if complainant should haul more than a sufficient amount of wood to cancel the note, at the rate of two dollars per cord, then said Lohr would pay the balance due to complainant, in money.

That during July, August, September, October and November, 1857, complainant hauled, in pursuance of said agreement, one hundred and twenty-six cords of wood for said Lohr, which, at the rate agreed upon, amounts to $252, and more than sufficient to wholly pay and satisfy the note.

That some time in November, 1857, complainant called on said Lohr, when he informed complainant that he had become involved, and had left the note in the hands of one John C. Kean for settlement. That Lohr then examined the account between himself and complainant for hauling wood, and went with complainant to the office of said Kean, and directed said Kean to settle with complainant, and deliver the note up to complainant, and Kean said he would do so at any time. That in December, 1857, complainant went to Kean's office with his account against Lohr for hauling wood, as aforesaid, for the purpose of adjusting the matter and taking up the note. That Kean then informed complainant that he had bought the note. Complainant then told Kean that he wanted his account applied on the note, and that he desired to take up the note, according to agreement. That Kean then told complainant to call again in a few days, and he would attend to it. A short time after-

wards complainant again called on Kean, and he then told complainant that he would allow some $16 or $18 on the note, but refused to cancel the note by the wood-hauling account and deliver it up, as Lohr had directed. That said Kean then told complainant that the note belonged to his brother, and also threatened to sue complainant on the note.

Complainant further states, that the said trustee, John A. Clark, is about to sell the land deeded as aforesaid, and has advertised the same to be sold, setting out copy of advertisement, in which said trustee advertises the sale of said land upon application of T. M. Kean.

Complainant further avers, that said note was in the hands of Lohr the payee, until long after it had become due and payable, and that complainant had hauled more than a sufficient amount of wood at the rate agreed upon, while the note was in the hands of Lohr, to fully satisfy and discharge the same.

Prayer for writ of injunction and process.

The Circuit Court ordered an injunction to issue in accordance with the prayer of said bill.

Defendants Clark and John C. Kean, filed their answers, and entered their motion to dissolve the injunction.

The answer of defendant Clark sets out that he has no knowledge except that derived from the bill, of any of the matters charged therein, except that he received a conveyance in trust to secure the payment of the note before mentioned, and that he has advertised the premises for sale, which is admitted; denying all unlawful combination, etc.

The answer of defendant John C. Kean, admits that complainant made the note and deed of trust as alleged, and that the exhibit attached to the bill is a correct copy of the same. Also admits, that on or about June 17, 1857, $50 was paid and indorsed on the note. Defendant further states, that on the 19th September, 1857, complainant called on him at his office, and informed him that he had hauled a large amount of wood for Lohr, and that he feared Lohr had not indorsed on the note the amount he had agreed to pay him for hauling the same; which amounts said complainant then informed defendant said Lohr had agreed to indorse on said note, and on that day said complainant went with this defendant to see said Lohr, at which time the price for drawing said wood was agreed upon by said Lohr and complainant, and the price agreed upon was $91; and thereupon, in payment of said $91, there was indorsed on said note a payment of $91, which indorsement was dated June 17, 1857. Defendant further says, that on the same day complainant paid Lohr on said note $4, which was also indorsed.

That soon after the indorsements were made, on the same

day, complainant stated to this defendant, that he was glad he had got the $91 indorsed on the note, and that the indorsement aforesaid included all that he had at that time paid on said note; and that complainant also said, at the same time, that Lohr was in failing circumstances, and that he wished this defendant would buy said note, otherwise he feared said Lohr would press the collection of the note immediately. This defendant then informed said McLain that he had no funds to purchase said note; that on or about Oct. 1, 1857, this defendant had money belonging to his brother, said T. M. Kean, who resides in the city of New York, and on or about that time he purchased said note of said Lohr, at the request of said T. M. Kean. That when he purchased the note, it was agreed by and between said Lohr and this defendant, that the consideration of said purchase should not be paid in full until this defendant should learn from said complainant that there were no offsets or payments on said note, which had not been already indorsed. That soon after, this defendant informed complainant that T. M. Kean had purchased the note, and asked complainant if there were any offsets against said note, or any payments on the same not then indorsed, and complainant then stated to this defendant that there were no offsets against said note. This defendant further says, that subsequently, to wit, on or about October 27, 1857, as the agent of said T. M. Kean, and with money of said T. M. Kean, he paid said Lohr in full for said note.

That subsequently, complainant stated that there was an item of $14, which said Lohr owed him on account of money he had paid on account of said Lohr, and which he said was all said Lohr owed him, and said he was gratified that T. M. Kean had purchased the note.

That at the time complainant claimed he had paid $14, this defendant told complainant that he would write T. M. Kean, and ask T. M. Kean to allow the said $14 on said note, provided complainant could show that said $14 had been paid said Lohr before said note was purchased by T. M. Kean.

Defendant denies that said Lohr directed this defendant to settle with said complainant. Denies that said Lohr directed this defendant to deliver up said note to said complainant, or that this defendant ever said that he would deliver up said note; and says, that so far as he has any knowledge, complainant never came to defendant's office with any account against Lohr, for the purpose of adjusting it, and taking up said note; that this defendant never agreed to allow any claim or offset on said note, except he would write T. M. Kean and ask him to allow the $14 on said note. That T. M. Kean is owner of said note, and has been since it was purchased. Admits that Clark, trus-

tee, has advertised to sell the premises.    Admits that said note has been in his hands since the same was purchased of said Lohr. Denies that said note was left in the hands of this defendant for settlement, or any other purpose whatever, by said Lohr.

April 13, 1859, complainant filed a general replication to answers of defendants Clark and J. C. Kean.

Defendants filed motion to dissolve injunction.

Defendant Kean filed his answer, admitting that complainant made his note and deed of trust as alleged ; admits that exhibit (A) attached to the bill, is a correct copy of the deed of trust ; admits that $50 was paid on the note, June 17, 1857, and sets forth, upon his information and belief, the same facts stated in answer of J. C. Kean.    That J. C. Kean was acting as his agent, and he is informed and believes, that on or about the first day of October, 1857, John C. Kean purchased the note of Lohr, with money then in the hands of said agent belonging to this defendant.

September 5.    Complainant filed his general replication to answer of defendant T. M. Kean.

After hearing the evidence, the court, SHELDON, Judge, presiding, rendered judgment dissolving the injunction and dismissing the bill.    From this decision the complainant prayed an appeal.

TURNER & INGALLS, for Appellant.

LELAND & LELAND, for Appellees.

WALKER, J.    The evidence in this case shows, that the note in controversy was given for the purchase of a tract of land. That fifty dollars was paid on it at the time it was given, and it was agreed that the amount of an account held by appellant against Lohr should also be credited when the amount should be settled, and the remainder discharged by hauling wood to Freeport at two dollars per cord.    Appellee, J. C. Kean, was present and drew the writings evidencing the sale of the land. It appears that the note was indorsed with the fifty dollars, ninety-one dollars on the 18th of September, as of the date of the note, and the further sum of four dollars.    The note was transferred after its maturity, and with full notice to the agent, who purchased it for the holder, that appellant claimed that it was fully paid.

The whole controversy in this case arises upon the credit of ninety-one dollars.    The appellee claims that it embraces the whole amount for hauling wood, whilst appellant claims that it was the amount of the account agreed to be credited when the note was executed, and that for the hauling of wood after that

time he is entitled to a further credit fully equal to the balance on the note. Tiffany, who was employed by Lohr, and was at work in the same yard, where the wood was delivered, testifies that appellant delivered wood to Lohr, which he estimates at one hundred cords or more. That the larger portion of it was hauled in the summer and fall of 1857. He also testifies that he hauled wood during the previous spring, and that in all about two hundred cords had been hauled from the forty acre tract sold by Lohr to appellant, and that he saw no other person haul from that tract. Shuler also testified that he saw appellant haul wood to Lohr.

From this evidence we think that it is apparent that one hundred cords or more were delivered after the note was executed; and that wood had been previously hauled. The witness gives it as his opinion that in all as much as two hundred cords had been delivered, and this witness stands uncontradicted, and it appears that he had a sufficient opportunity of knowing the amount delivered. Then, when he was to receive two dollars a cord, this would greatly exceed the amount of the note and interest, after deducting the other payments.

It is true that the agent testified that appellant admitted to him that the ninety-one dollar credit was all he claimed on account of hauling wood. He also testified that appellant said he claimed no other credits than those indorsed. This evidence is opposed to the testimony of Liser, who testified that the agent Kean said to appellant, when the credit of ninety-one dollars was indorsed, that appellant was then safe, as he could bring in his wood account as a set-off against the note. And that again, in November, Kean, the agent, agreed to settle and allow appellant's account against Lohr on the note, but said he did not then have time, but requested him to call again, which he did some weeks afterwards, when he informed appellant that he had purchased the note, but said it could be settled. The appellant afterwards called, but appellees then refused to allow as a credit more than sixteen or eighteen dollars. Appellant insisted that he had more than paid the note, and complained of the agent for having purchased it, as he must have known that it was more than paid. Kean nowhere denies that this conversation occurred, but testifies to a different one. It seems strange, if this evidence was untrue, that Kean did not contradict it, as his evidence was given on the trial after Liser had given his, and when he must have known that it was material and must go far to establish the defense. From the whole of this evidence we are satisfied that the payment of the note is established. And as it was transferred after it was due, that the purchaser took it subject to the defense. The court below should therefore have

enjoined the sale of the land under the trust deed, and decreed a reconveyance by the trustee to the appellant. The decree of the court below is reversed, and a decree entered here perpetually enjoining the sale of the land, by appellee Clark, and that he, within sixty days, make, execute and deliver a deed conveying the premises to appellant, and that appellee, Thomas M. Kean, pay the costs of this proceeding, as well in this as the court below.                     *Decree reversed.*